UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

SHAWN JONES,

                      Defendant.

**DECISION AND ORDER**
99-CR-2A

---

**INTRODUCTION**

On May 28, 2010, defendant Shawn Jones filed a motion to seal the entire docket from her criminal case. Because the governing case law addresses Ms. Jones's request directly, responding and reply papers are unnecessary. For the reasons below, the Court will deny the motion.

**BACKGROUND**

On November 5, 2001, Ms. Jones pled guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[1] On May 2, 2001, she was sentenced to three years of probation plus restitution and a special assessment. Ms. Jones now brings her motion several years after completing her sentencing obligations. In her brief motion papers, Ms. Jones

---

[1]The Court deferred formal acceptance of the plea until the time of sentencing. (*See* Dkt. No. 629.)

states that she wants her criminal case sealed because her record cost her an unspecified job that she held. Ms. Jones states further that she now is a licensed minister and a youth mentor. Ms. Jones added that "I have learn[ed] my lesson by being on the wrong side of the law. I apolog[ize] for disrespecting the laws and courts as well as myself by associating myself with the wrong crowd of people." Ms. Jones's motion papers imply that she wants her criminal case sealed out of concern that potential future employers may find her conviction during background checks and refuse to hire her on that basis.

## DISCUSSION

"[C]ourts have held that the right of confidentiality does not prohibit the disclosure of an individual's criminal history, including the individual's arrest records. *See Paul v. Davis*, 424 U.S. [693, 713 (1976)] (finding no constitutional right of confidentiality affected by the publication of the fact that an individual was arrested of shoplifting); *J.C. McRary v. Jetter*, 665 F. Supp. 182 (E.D.N.Y. 1987) (finding that plaintiff did not have a constitutionally protected interest in the confidentiality of his youthful offender file); *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 117 (3d Cir. 1987) (holding that 'arrest records are not entitled to privacy protection' because they are, by definition, public); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (holding that 'there is no constitutional right to privacy in one's criminal record' because 'arrest and conviction information are matters of public record')." *Johnson ex rel. Johnson v. Columbia*

2

*Univ.*, No. 99 Civ. 3415, 2003 WL 22743675, at *11 (S.D.N.Y. 2003). Here, Ms. Jones had a criminal case in this District whose docket has been publicly available for several years. The criminal proceedings in themselves are public information. *See* Local Criminal Rule 55.2(a) ("Except when otherwise required by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access."). Other than the presentence investigation report, which was filed under seal, the docket does not appear to contain information that pertains either to "the individual interest in avoiding disclosure of personal matters" or to "the interest in independence in making certain kinds of important decisions." *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977). Additionally, Ms. Jones has articulated no reason for a sealing of her entire case other than a general, albeit sincere, desire to regain employment and to improve her life. Under these circumstances, this Court cannot find a basis for granting Ms. Jones's request in the face of clear case law to the contrary.

    The long-held rules about the public nature of criminal records do not mean, however, that the Court cannot express sympathy for Ms. Jones's situation. Ms. Jones's motion papers are brief, but taken at face value, they express her wish to distance herself from bad decisions that she made in her life, for which she has paid a price. An essentially identical situation presented itself in *U.S. v. James*, No. 97 CR 715, 2003 WL 21056989 (E.D.N.Y. 2003), where the

request was for expungement of a criminal record. A quotation from that case is appropriate here:

> For the reasons set forth above, plaintiff's motion for expungement must be denied. Unfortunately for plaintiff, if there is some force that will permit her to move on and put the lingering effects of her conviction behind her, it is not the law, but rather the willingness of an employer to display enough understanding and wisdom to recognize that defendant has paid her debt to society. While the law does not go so far as to erase the records of a youthful lapse in judgment, neither does it envision that she will be forever branded as a pariah and precluded from fully contributing to the fabric of society . . . . To merely pay lip service, however, to the tenet of "paying one's debt to society" and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting. Despite having found no basis upon which to grant plaintiff's motion for expungement, this Court is nevertheless prompted to express the same hope it did in [*In re Farkas*, 783 F. Supp. 102 (E.D.N.Y. 1992)], that prospective employers will not look askance upon [her].

*James*, 2003 WL 21056989, at *2.

## CONCLUSION

For all of the foregoing reasons, Ms. Jones's motion is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 11, 2010